UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ELTONEZ SALTON, ET AL. | CIVIL ACTION NO. 17-1616 |
| VERSUS | JUDGE TERRY DOUGHTY |
| GREGORY ALAN JOINER, ET AL. | MAG. JUDGE CAROL WHITEHURST |

## RULING

This is a diversity case arising from a motor vehicle accident in St. Landry Parish, Louisiana. Pending before the Court is Plaintiff Jherri Thomas' ("Thomas")[1] Motion for Partial Summary Judgment [Doc. No. 26]. Thomas moves the Court for summary judgment on medical causation and liability. Specifically, she contends that a "surgery recommendation and medical treatment [were] causally related and made necessary by the subject accident of February 26, 2016, that the costs and charges for same were medically necessary and reasonable and that Defendants [are] liable for same." [Doc. No. 26, ¶ 8]. After the filing of the instant motion, Thomas, Ports and Old Republic stipulated to liability. [Doc. No. 28]. Defendants also timely filed a memorandum in opposition to the Motion for Partial Summary Judgment [Doc. No. 29]. Thomas did not file a reply, and the deadline for doing so has passed.

To the extent that Thomas moves for partial summary judgment on liability, the motion is DENIED AS MOOT. For the following reasons, the motion is otherwise DENIED.

---

[1] The motion was electronically filed by counsel who indicated that it was the motion of Eltonez Salton ("Salton"), individually and on behalf of her minor child, Thomas. However, by the date of the filing, Salton had been dismissed, and Thomas had been substituted as Plaintiff after having achieved the age of majority. Accordingly, the Court treats the motion has having been filed by Thomas.

I.  **FACTS AND PROCEDURAL BACKGROUND**

This case arises out of a February 22, 2016, motor vehicle accident between a tractor-trailer operated by Gregory Joiner ("Joiner") and a school bus occupied by Thomas as a passenger. Joiner was acting in the course and scope of his employment with Ports Petroleum Company ("Ports"), and the tractor-trailer was insured by Old Republic Insurance Company ("Old Republic").

This lawsuit was filed against Joiner, Ports, and Republic, but the claims against Joiner were subsequently dismissed because of Thomas' failure to serve him. [Doc. No. 20].

On October 3, 2018, plaintiff filed a Motion for Partial Summary Judgment on Causation and Liability. [Doc. No. 26]. As to medical causation, Thomas contends:

4.

As a result of this accident, Jherri Thomas required medical attention which included chiropractic care by Recovery ChiroMed, Barczyk Chiropractic, had several MRI's, underwent several Epidural Steroid Injections (ESI) performed by Dr. George Williams, Orthopaedic Surgeon.

5.

Dr. Williams' medical opinion relates to Jherri Thomas need for continued treatment and the treatment that has been provided to her, by medical providers along with the associated costs, to the accident of February 26, 2016 (Exhibit "A", Affidavit of Dr. George Williams).

[Doc. No. 26]. In her supporting memorandum, Thomas further contends that she is entitled to summary judgment on causation because Dr. George Williams opined that the "conservative treatment was reasonable, and directly made necessary by the injuries . . . Thomas sustained in the accident of February 26, 2016." [Doc. No. 26-4].

Thomas' motion also addresses liability.

2

On October 24, 2018, Thomas, Port, and Old Republic stipulated to Defendants' liability. [Doc. No. 28].

On October 24, 2018, Defendants filed an opposition memorandum to the instant motion. Defendants point out that the liability aspect of the motion is moot, but oppose the motion on medical causation. Defendants contend that the motion should be denied because Thomas has failed

> to specify what injuries and treatment she seeks to relate to the accident. Moreover, there is conflicting evidence as to the nature and cause of her injuries. Finally, plaintiff's motion is premature as discovery is ongoing and defendants anticipate the retention and disclosure of testifying experts, including a physician and a biomechanical engineer/injury causation expert.

[Doc. No. 29, p. 4].

Thomas did not file a reply memorandum, and the Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*. In this case. Thomas, as Plaintiff, bears the burden of proof on medical causation and thus must present evidence showing that she is entitled to judgment as matter of law.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving

party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

    **B.    Liability**

Thomas moves the Court for summary judgment on liability. However, after the filing of the instant motion, on October 24, 2018, Thomas, Ports and Old Republic stipulated to liability. [Doc. No. 28]. The stipulation provides:

1.

A motor vehicle accident occurred on February 22, 2016, in St. Landry Parish, State of Louisiana. The motor vehicle accident involved vehicles operated by defendant, Gregory A. Joiner, and Delita Ann Rubin.

2.

The defendant, Gregory A. Joiner's negligence was the sole legal cause of the motor vehicle accident of February 22, 2016.

3.

At the time of the February 22, 2016, accident, Gregory A. Joiner was working in the course and scope of his employment with Ports Petroleum Company.

4.

At the time of the February 22, 2016, accident, Old Republic Insurance Company issued a policy of insurance bearing policy number MWTP 303975 with liability limits of $1,000,000 to Ports Petroleum, subject to the liability limits, terms, conditions, provisions, warranties, definitions, limitations, exclusions and coverage set forth in the policy and its endorsements.

5.

At the time of the February 22, 2016, accident, Lexington Insurance Company issued an umbrella policy bearing policy number 015374922 with liability limits of $10,000,000 to Ports Petroleum, subject to the liability limits, aggregate limits, terms, conditions, provisions, warranties, definitions, limitations, exclusions and coverage set forth in the policy and its endorsements.

6.

Defendants reserve all rights to contest injury/medical causation and damages, subject to the Court's ruling on Plaintiff's presently pending Motion for Partial Summary Judgment. Accordingly, nothing in this stipulation shall prohibit any party from presenting admissible evidence at trial as to the mechanics of the accident, the events surrounding the accident, the force of the impact at issue, and any admissible analysis of occupant kinematics, biomechanics, or injury causation.

[Doc. No. 28]. Accordingly, the parties have now stipulated to liability as set forth, and Thomas' Motion for Partial Summary Judgment is DENIED AS MOOT.

### C. Medical Causation

The parties did not stipulate as to medical causation or other issues which remain for trial. Thus, the Court must consider whether Thomas is entitled to judgment on causation.

Although Thomas has presented some evidence in support of causation, Defendants have responded with conflicting evidence via the affidavit of Dr. Curtis Partington that Thomas' cervical and thoracic MRIs failed to show any evidence of traumatic injury. [Doc. No. 29-2, Exhibit B, Affidavit of Dr. Partington].

They further point to the deposition testimony of Thomas' treating physician, Dr. Williams, where he admitted that he could not date her cervical MRI findings. [Doc. No. 29-3, Exhibit C, Deposition of Dr. Williams, pp. 17, 20-22]. During Dr. Williams' deposition, he also admitted that Thomas' thoracic MRI was normal, except for the finding of scoliosis, which pre-dated the

subject accident. *Id.* at 25. Additionally, Thomas' lumbar MRI showed evidence of arthritic changes at L2-3, which pre-dated the accident. *Id.* at 30-32. Dr. Williams could not date the mild disc bulge at L3-4 or tiny left posterior protrusion at L4-5. *Id.* at 30-32.

Finally, Defendants point out that discovery is on-going in this case, and, thus, any judgment on causation is premature.[2]

Having fully reviewed the evidence, the Court finds that there are genuine issues of material fact for trial on causation and damages, and Thomas is not entitled to judgment as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Thomas' Motion for Partial Summary Judgment [Doc. No. 26] is DENIED IN PART AS MOOT and otherwise DENIED. To the extent that Thomas moved for summary judgment on liability, the motion is DENIED AS MOOT because the parties have stipulated as to liability. The motion is otherwise DENIED because the Court finds that there are genuine issues of material fact for trial as to medical causation, as well as damages.

MONROE, LOUISIANA, this 15th day of November, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[2] Defendants also point to evidence supporting their defense of failure to mitigate damages based on the deposition of Dr. C. Michelle Didier. However, the Court has not relied on this evidence, as the attached pages are blank. [Doc. No. 29-5, Exhibit E, Deposition of Dr. Didier].

6